KEYS v. WINNSBORO GRANITE CO.

1. SUCCEEDING CIRCUIT JUDGE may strike out an amendment to a pleading allowed by his predecessor when the order permitting the amendment provides that the succeeding Judge may pass on the legal effect of the amendment and that it was granted mostly to prevent delay.

2. EVIDENCE.—Exclusion of competent question is not reversible error where there is competent evidence on same point.

3. IBID.—Remedy for answer, partly competent and partly incompetent, is to move to strike out incompetent part of answer to question.

4. NONSUIT—MASTER AND SERVANT.—In an action for damages from defective appliances, there being evidence tending to show that servant used the appliance after assurance by the master that it was safe, nonsuit should not be granted because servant was intrusted with keeping machinery in repair when he could only buy supplies through superintendent.

5. MASTER AND SERVANT.—Under the terms of servant's employment it was his duty to inspect machinery, make such repairs as practical, and report defects, and it was error to limit his duties to discovering defects and reporting to superintendent, but under issues here the error was harmless.

6. IBID.—Where the servant was intrusted with care of machinery, but could only make purchases through superintendent, it was proper to instruct jury that it was duty of the master to furnish reasonably safe machinery, and submitting to jury whether it was the servant's duty to inspect and repair, was harmless here, because they were instructed that if master furnished proper appliances and servant selected unsafe ones to work with, he was negligent.

7. IBID.—CHARGE.—An instruction in which the context shows there was an omission of a word which could not have misled the jury, is harmless error. Here the context shows that Judge intended to instruct jury that if servant in charge of machinery selected from appliances one apparently safe, he was not negligent, although it was not in fact safe.

Before KLUGH, J., Fairfield, Spring Term, 1906. Affirmed.

Action by J. C. Keys against Winnsboro Granite Co. From judgment for plaintiff, defendant appeals.

*Messrs. A. G. Brice* and *J. E. McDonald,* for appellant. No argument furnished Reporter.

*Messrs. Buchanan & Hannahan,* contra, cite: *Evidence as to use of clamp in other quarries properly ruled out: 23 S. C., 30; 60 S. C., 168; 1 Lab. on M. & S., 152.*

March 13, 1907.   The opinion of the Court was delivered by

Mr. Justice Woods. This is the second appeal in this case and some of the questions made by the exceptions are closely related to those decided in the former decree. (72 S. C., 97, 51 S. E., 349.)

The plaintiff is a skilled mechanic, and at the time of the injury for which he recovered judgment was employed by the defendant with the powers and authorities set forth in the following letter addressed to him:

"February 15th, 1901.

J. C. Keys, Rion, S. C.

Dear Sir:—The following resolution was adopted by the Board of Directors of the Winnsboro Granite Company at their quarry on February 14th, 1901.: That J. C. Keys be given charge of maintenance of railroad and charge of all machinery of the company, and run the locomotive when necessary, under the general supervision of the superintendent, and to purchase supplies for this department through the superintendent, who will be held responsible to the directors for the general supervision of the conduct of the business of the company at their quarry.' "

Plaintiff's injuries resulted from the fall of a derrick in course of erection under his charge. His case depended on showing, (1) negligence of the defendant in furnishing cleats or clamps insufficient in strength to hold fast the guy wires against the strain necessarily imposed on them; and, (2) the actual failure of such insufficient clamps resulting in the fall of the derrick. The answer denied negligence on the part of the defendant and alleged assumption of risk and contributory negligence.

On motion of the defendant, supported by an appropriate affidavit, Judge Gage at chambers allowed the defendant to amend its answer by inserting the following paragraph:

"Further answering the complaint, the defendant alleges, that, long before the commencement of this action the de fendant became very much embarrassed and practically in-

solvent; that in order to pay its indebtedness, and upon a vote of its stockholders duly had and authorized for that purpose, and after a resolution of its said stockholders for that purpose, the defendant sold, transferred and conveyed by deed all of its lands, granite, quarry and plant, together with all its property of every description, and the defendant was not, at the time of the commencement of this action, the owner of, nor was it operating any of the property or granite quarries mentioned in the complaint."

In his decree allowing the amendment, Judge Gage said: "I do not see what legal right will follow upon the proof of the proposed new allegation, and I do not adjudge that any right will so follow. I allow the allegation, however, because to deny it would delay the suit, if I should be in error to deny it. On the other hand, the Judge then presiding can declare the legal effect of the new pleading, and if he errs, the whole case, and not a part, may go to the tribunal of last resort." When the cause was called for trial, Judge Klugh, on plaintiff's motion, struck out the amendment as irrelevant and redundant. As a general rule it is no doubt true, that a Circuit Judge should not strike out as irrelevant an amendment ordered by another Circuit Judge. But Judge Gage clearly made his order to save the possible delay of an appeal, and with the limitation that the Court on trial of the cause should not be bound to retain the allegation as relevant. But aside from that, it is too clear for discussion that the allegation of defendant's sale of its property to pay debts or for any other purpose could not affect the plaintiff's right to recover, and even if there was error in striking out after Judge Gage's order, the error was entirely technical and harmless. The exception on this point, therefore, is without merit.

The Circuit Judge was in error in holding the defendant could not prove on the issue of negligence that clamps like these here used were in general use by well regulated quarries. *Lowrimore* v. *Mfg. Co.,* 60

S. C., 168, 38 S. E., 430; 3 Elliott on Evidence, sec. 2505. The error, however, did no harm, as the defendant's superintendent, Binder, of whom the excluded question was asked, had fully testified on this point before the objection was made.

The plaintiff was asked: "Q. Now, Mr. Keys, tell why, after having refused on the ground that these clips were not safe, after Mr. Binder's assurance, why did you put it up—or attempt to put it up?" and answered: "A. I attempted to put it up because I thought I would lose my position if I did not do it and I was assured by Mr. Binder they were safe." The question was competent, but not that portion of the answer which related to undisclosed thoughts or expectations. *Gilman* v. *Railway,* 53 S. C., 210, 31 S. E., 224. The exception on this point, however, cannot avail the defendant, as no motion was made to strike out that portion of the answer.

The motion for a nonsuit on this second trial was made on the ground that the evidence showed the injury did not result from any negligence of the defendant, but was due to the negligence of the plaintiff. There was testimony tending to show the fall of the derrick was due to the slipping of the clamps. There was, also, some testimony that the clamps were not sufficient and safe for the purpose to which they were applied, that the plaintiff had objected to them on that ground, and used them relying on an assurance of the superintendent of their safety. In the face of this assurance of the superintendent as to the safety of the cleats, it was for the jury to say, whether they were defective and whether the plaintiff was negligent in using them. *Mew* v. *Railway Co.,* 55 S. C., 100, 32 S. E., 828. Obviously, the plaintiff could not, as a matter of law, be held negligent in not procuring other clamps under the authority given him in the letter above quoted, for, as held on the former appeal, he could purchase supplies for the machinery only through the superintendent, and the superintendent, after plaintiff's complaint, had indicated his satisfaction

with the clamps then on hand.    This view disposes of the motion for nonsuit, and also of the exeception to the interpretation, given by the Circuit Judge in his charge, of the letter to plaintiff setting forth his powers as an employee in charge of the machinery as far as it related to the purchase of supplies.

As to the repair of machinery, we think, under the letter, the duty was on the plaintiff not only to inspect the machinery and report defects to the superintendent, but to make the repairs as far as practicable; and, therefore, the Circuit Judge erred in limiting the duty of the plaintiff to the discovery of defects in the machinery and reporting them to the superintendent.    But this error was harmless, for it was not pretended that the plaintiff ever reported any lack of repair in the clamps; and hence, if the jury found the injury resulted from lack of repair, their obligation would have been as obvious to them to find against the plaintiff for his breach of duty in failing to report the defects, as it would have been for any breach of duty on the part of the plaintiff in not himself making the repairs.    Indeed, as far as we can discover from the evidence, there was no issue as to the repair of the clamps.    On the part of the plaintiff, the contention was that the accident happened because the clamps, even when new, were not of the right kind; and on the part of the defendant, that the clamps were well adapted to the purpose and the accident was due to the voluntary use by the plaintiff of a single worn clamp, or at most, two worn clamps, on each guy, when due care required him to use on each guy at least three good clamps which were to be had in the defendant's stock.    On these issues which had no connection with repair of machinery the jury found against the defendant.

The Circuit Judge, at the request of the plaintiff, charged: "The master, and not the servant, must furnish reasonably safe and suitable appliances, and is liable for any injury by reason of a default in this regard.    And the master must exercise the same care in properly in-

19—76

specting and keeping such appliances in proper repair," and then added: "I charge you that, as a matter of fact that is subject to the question as to whether or not it was the duty of the plaintiff here himself to inspect and repair; and if it was his duty to do it and he failed to do it, his failure would defeat his right to recovery, just as much so as negligence in any other respect, if it was a proximate cause of the injury."

The defendant complains of the request charged because not applicable to a case where the servant himself had charge of the machinery; but as we have seen, the master himself, through the superintendent, undertook to pass on the sufficiency of the kind of clamp, and, therefore, the general proposition, contained in the request was applicable. The sentence added by the Circuit Judge would have been subject to objection as leaving the jury to construe the letter defining the plaintiff's duties, if he had not elsewhere fully instructed the jury as to the meaning to be given to the letter. In no event, however, could the defendant complain of the instruction for the reason that on its request the following instruction of similar import had been given: "It is the duty of the Court to construe all written instruments offered in evidence, and I charge you that under the letter to J. C. Keys, the plaintiff, dated February 15, 1901—that is the resolution I have already spoken to you of—the plaintiff was given charge of all the machinery of the company, under the general supervision of the superintendent, and in the department mentioned in this letter the defendant became the representative or vice-principal of the Winnsboro Granite Company. If you find, therefore, that it was a part of his duty to select such machinery tools, and appliances as were necessary to do the work in his department, and he selected improper tools, implements or appliances, and he was thereby injured, he cannot recover of the defendant in this action, and your verdict would have to be for the defendant. In other words, if it was the duty of the plaintiff to select such tools, implements and appliances as were safe and suitable to be used in the work in his charge, and he fails to select such tools, im-

plements and appliances as were safe, but on the contrary selected such as were unsafe and unsuitable and knowingly used them, and that was the proximate cause of the injury, you would have to find the verdict for the defendant."

In considering the next exception, justice to the Circuit Judge requires that his exact language following the above quoted request of defendant should be given.

"That is a sound proposition, and I so charge you. But you must bear in mind that it was the duty of the defendant to furnish tools, and appliances, and implements for the plaintiff to make his selection from, and if the defendant furnished reasonably safe and suitable implements, tools and appliances, if the defendant furnished those, and the plaintiff failed to select a sufficient number of those that were reasonably safe and suitable, then that would be an act of negligence on his part for which the defendant could not be held liable. The defendant is bound to furnish not only reasonably safe and suitable appliances, but a sufficient number of them, and if the plaintiff in making his selection had a choice between an appliance that was reasonably safe and one that was manifestly unsafe and he selected the unsafe one, that was a matter of negligence on his part." Down to this point the instruction was manifestly fair and free from obscurity. The difficulty arises from the failure to qualify the words we have italicised in the remainder of the remarks made in this connection: "If in selecting, he had the choice between two or more appliances which were equally, or apparently, so far as appearances went, equally safe, of course whichever one he took, if it turned out he was injured by it, wouldn't be negligence on his part; and if as between different appliances some were more safe than others, and yet reasonably safe, so far as apparent from the appliances themselves, and the plaintiff selected one that was less safe instead of selecting one that was more safe, *if they were all reasonably safe,* that fact would not release the defendant from liability to furnish reasonably safe and suitable tools. Neither would it be

negligence on the part of the plaintiff and defeat his right to recover if the defendant would be otherwise liable even if the plaintiff had selected the other appliance which was apparently more safe. He was bound to exercise prudence in the selection of the appliances if the appliances were furnished to him to select from, and if he did that, that was the measure of his duty, and if he suffered injury notwithstanding he exercised that degree of care, then the fact that he had selected one appliance rather than the other, *both reasonably safe,* would not defeat his right to recover if the defendant would be liable to him upon all of the facts of the case and notwithstanding the selection made by the plaintiff. And subject to those limitations or explanations the Court charges you that proposition."

It seems to be clear from the context that the Circuit Judge inadvertently omitted to use the word, "apparently," before "reasonably" in the italicised clauses; but the words, "apparent" and "apparently" were so used in other places, that the jury could hardly have failed to understand the instruction to mean, that the plaintiff could not be charged with negligence in the selection of one of two or more appliances if they all appeared to be reasonably safe, though the one selected turned out to be an unsafe appliance furnished by the defendant.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.