18328

Ester M. KELLEY, Respondent, v. The CITY OF AIKEN, Appellant

(141 S. E. (2d) 651)

*Messrs. Henry Busbee, Frampton W. Toole, Jr.,* and *Toole & Toole, all* of Aiken, *for Appellant,*

*Messrs. Benjamin Surasky, Robert E. Johnson* and *Williams & Johnson,* all of Aiken, *for Respondent,*

April 8, 1965.

BUSSEY, Justice.

In this action plaintiff-respondent recovered a verdict for actual damages for personal injuries sustained as a result of stepping into a broken, depressed area in a sidewalk in the City of Aiken. Her right of recovery, if any, is predicated upon Section 47-70, 1962 Code of Laws, by the terms of which section she was required to prove not only negligence on the part of the municipality, but, that she had not in any way brought about her injury by her own negligent act or negligently contributed thereto.

The only contention of the defendant-appellant here is "that the plaintiff failed to prove that her injuries were not brought about by her own negligence and that she did not negligently contribute thereto", timely motions for nonsuit, directed verdict and judgment *non obstante veredicto* having been made on that ground and refused.

It is well settled that in passing upon motions for non-suit, directed verdict and judgment *non obstante veredicto,* not only the evidence, but all inferences reasonably deducible therefrom must be taken most strongly against the defendant and considered in the light most favorable to the plaintiff, and we proceed to review the record in that light.

The plaintiff, a sixty-five year old retired woman, resided in Aiken County on South Carolina Highway No. 19, be-

tween the City of Aiken and New Ellenton. On the 7th day of June, 1961, she and her husband drove to Aiken for the purpose of doing some shopping. During the early afternoon of that date, plaintiff was walking alone in a southerly direction along the sidewalk contiguous to, and on the west side of, Newberry Street. As she neared the intersection of Richland Avenue, she stepped into a hole or depression in the sidewalk and fell, painfully and seriously injuring herself. The sidewalk upon which plaintiff was walking was composed of concrete slabs. At the immediate location one of these slabs was cracked or broken in several places, and a portion of the northern edge of the broken slab had sunk approximately two and one-half inches below the normal surface of the sidewalk.

The depression thus created extended approximately two feet across the pathway being traversed by plaintiff. From its greatest depth of two and one-half inches the depressed area sloped upward in a southerly direction toward Richland Avenue to a relatively normal elevation. When plaintiff approached this depression she was thus confronted with an abrupt drop in the sidewalk of approximately two and a half inches, and while the defect was plainly visible to anyone near enough to look down or directly at it, it was clearly much less noticeable to a person proceeding in a southerly direction (as plaintiff was) than it would have been to a person proceeding in a northerly direction. The said depression was located, according to different witnesses, a distance of from six to ten feet seven inches north of the north curb line of Richland Avenue.

Plaintiff testified that she had never been at the immediate location before, knew nothing of the defect in the sidewalk, and did not see the same until after she had stepped therein. She further testified that she was glancing along as she walked, but did not expect a hole in the sidewalk and that at the precise moment she fell she was watching the traffic light preparatory to crossing Richland Avenue, which was bearing heavy traffic at the time and could not be safely crossed except in accordance with the traffic lights.

The defendant argues that plaintiff's failure to see the defect amounts to contributory negligence as a matter of law. In this connection it is argued that there was no need for her, in the exercise of due care, to be looking at the traffic light instead of the sidewalk at the moment, since she was still some feet away from the curb.

Both Newberry Street and Richland Avenue are very wide streets. Although the exact widths thereof do not appear, it is inferable that the total width of each street, including sidewalks, is one hundred fifty feet. Each of said streets is divided by median strips or park areas, with completely different roadways being provided for traffic flowing in opposite directions. Richland Avenue runs east and west and is the route over which both U. S. Highway No. 1 and U. S. Highway No. 78 pass through the City of Aiken. Both of these streets, and particularly Richland Avenue, were heavily traveled. There were traffic lights suspended over the center of each of the four intersections of the two streets.

As plaintiff approached the intersection, the traffic light nearest to her, and the one at which she would normally and naturally have looked, was suspended over the intersection of the southbound portion of Newberry Street with the westbound portion of Richland Avenue. While, according to witnesses for the defendant, she could have seen the other traffic lights which were synchronized with the one nearest her, there is evidence to the effect that she could not have seen the light nearest to her, at which she would normally and naturally look, if she waited to look until she arrived at the curb of Richland Avenue.

It is, of course, true that the exercise of due care required that plaintiff should look where she was walking, but, as was pointed out in the case of *Lynch v. Pee Dee Express,* 204 S. C. 537, 30 S. E. (2d) 449, in the very nature of things, plaintiff could not be expected to perform the impossible and look in all directions at one time. Since she was preparing to cross Richland Avenue, she, in the exercise of due care, had the duty of observing not only the traffic light, but traffic

itself. Vehicles could have well been approaching on Newberry Street and turning into Richland Avenue.

The plaintiff had the right to assume that the sidewalk was maintained by the defendant in reasonably safe condition for public use. *Crosby v. City of Chester,* 197 S. C. 66, 14 S. E. (2d) 552; *Correll v. City of Spartanburg,* 169 S. C. 403, 169 S. E. 84. Of course, this assumption to which plaintiff was entitled did not relieve or excuse her from exercising due care for her own safety, but in determining whether or not she was guilty of failing to exercise such due care, her conduct has to be judged in the light of this assumption to which she was entitled. *Abeles v. Great Atlantic & Pacific Tea Co.,* 244 S. C. 508, 137 S. E. (2d) 604, and cases cited therein.

From the last cited case we quote the following applicable language:

"It is too well settled to require citation of authority, that negligence or contributory negligence must be determined by consideration of all of the relevant surrounding circumstances. Ordinarily, contributory negligence is an issue for the jury and it rarely becomes a question of law for the court. Where, under all of the circumstances, the evidence is susceptible of more than one reasonable inference as to whether or not a person was guilty of negligence, the case must be submitted to the jury."

While the burden was upon the plaintiff to prove her freedom from negligence, we think that, under all of the circumstances, the evidence was clearly susceptible of more than one reasonable inference as to whether or not plaintiff was negligent, and, hence, the trial judge properly submitted to the jury the issue of any contributory negligence on her part.

Affirmed.

TAYLOR, C. J., Moss and LEWIS, JJ., and LEGGE, Acting J., concur.