18988

Benjamin KELLER, Respondent, v. PEARCE-YOUNG-ANGEL COMPANY, Appellant

(171 S. E. (2d) 352)

*Messrs. Belser & Kemmerlin,* of Columbia, *for Appellant,*

*Messrs. Cromer & Louthian,* of Columbia, *for Respond-ent,*

December 1, 1969.

Bussey, Justice.

The respondent, Benjamin Keller, was injured while a passenger in a truck owned and operated by his brother, Raymond Keller, which truck was involved in a collision with a truck of appellant. The two brothers instituted actions

against the appellant, which actions were tried together by consent, the jury returning a verdict in favor of Raymond Keller in the amount of $1,500.00, and a verdict in favor of Benjamin Keller in the amount of $1,000.00. Appellant was obviously satisfied with the verdict in the *Raymond Keller* case, as it appeals only in the *Benjamin Keller* case.

The sole ground of appeal is the contention that the trial judge should have granted a mistrial because "during the trial of the cases, in response to a question by his attorney, which did not seek, however, to solicit such information, Raymond Keller interjected the liability insurance of the defendant into the case." The trial judge denied a timely motion for a mistrial, but strongly admonished the jury to disregard the mention of insurance by Raymond Keller.

The only portion of the testimony contained in the record before us is the following question and answer which immediately preceded the motion for a mistrial.

"Q. Did the loss of your truck and the loss of your tools cause you to lose any time or any money in the work on these houses in Lexington until you were able to get a replacement truck and buy this other equipment?"

"A. I would say that it caused me to lose quite a bit because I didn't have the proper tools to do the work with and I couldn't afford to go out and buy more and I didn't have transportation to get around to these jobs. I mean, I would have to haul lumber and different things like that and I didn't have no truck and I called this insurance adjuster, I imagine it was, for Pearce-Young-Angel and he was suppose to come over * * *."

In denying the motion the trial judge pointed out that today "nearly everybody knows that nearly everybody has got insurance." He additionally stated, "I am sure this man did not do this deliberately. It was just a slip of the tongue. * * *"

Appellant's brief refers to Raymond Keller as a witness for the respondent Benjamin Keller. While no doubt Ray-

mond Keller offered testimony favorable to Benjamin Keller, while upon the stand, his inadvertent mention of insurance occurred in the course of testimony in his own behalf, rather than in behalf of Benjamin Keller. There is nothing whatever in the record to remotely suggest that the respondent Benjamin Keller was either directly or indirectly responsible for the inadvertent reference by Raymond Keller to insurance.

We are inclined to agree with the statement of the trial judge that now "nearly everybody knows that nearly everybody has got insurance." It is, of course, today a matter of common knowledge that a vast majority of the motoring public is protected by liability insurance. While such knowledge provides neither excuse nor justification for intentionally or deliberately injecting liability insurance into the trial of a case, still such knowledge is, we think, a matter for consideration in determining the likelihood or probability of prejudice to a litigant as a result of insurance having been inadvertently mentioned.

It is the settled law of this State that, as a general rule, a motion for a mistrial, because of anything occurring during the trial, is one addressed to the sound discretion of the trial judge, whose ruling thereabout will not be disturbed in the absence of an abuse of discretion amounting to an error of law. See cases collected in West's South Carolina Digest, Trial, No. 18. In the instant case, the trial judge found that the mention of insurance by Raymond Keller was not done deliberately and that such was a slip of the tongue, and indeed, it is not contended otherwise by the appellant. From an annotation in 4 A. L. R. (2d) commencing at page 764, Section 12, page 784, we quote the following general rule:

"By weight of authority, if counsel propounds a question which calls for proper evidence, the fact that an irresponsive or inadvertent answer includes a reference to insurance will not be ground for declaring a mistrial." Cited to the text is the South Carolina case of *Brazeale v. Piedmont Mfg. Co.,*

184 S. C. 471, 193 S. E. 39, the holding therein being in accordance with the quoted text.

It is true that in the *Brazeale* case the unsolicited reference to insurance came from a witness for the defendant, rather than, as here, a plaintiff in a companion case. There is, however, nothing in the instant case to suggest that the respondent was any more responsible for the inadvertent slip than was the plaintiff in the *Brazeale* case.

The parent case in South Carolina on the inadmissibility of evidence with reference to insurance seems to be *Horsford v. Carolina Glass Co.,* 92 S. C. 236, 75 S. E. 533 (1912). Under the circumstances of that case, the court held that evidence as to insurance was adduced for the purpose of having such testimony influence the jury and that a mistrial should have been ordered. With respect to situations such as the instant case, however, the court had the following to say,

"The general rule is indisputably established that, when in the course of a trial incompetent statements of witnesses are brought in either from accident, or when they might be reasonably, though erroneously, thought by counsel to be competent, the only remedy that the court can afford is to grant a motion to strike out and instruct the jury to disregard the testimony. The injury resulting from the jury having heard the incompetent statement is regrettable, but the trial cannot be stopped because of such accidents and mistakes liable to occur in every trial. *State v. Wideman,* 68 S. C. 119, 46 S. E. 769; *State v. Adams,* 68 S. C. 421, 47 S. E. 676; *Hagins v. Aetna Life Ins. Co.,* 72 S. C. 216, 51 S. E. 683; *Keys v. Winnsboro Granite Co.,* 76 S. C. 284, 56 S. E. 949."

The burden is, of course, upon the appellant to show not only error but resulting prejudice. The record before us does not disclose the injuries for which the respondent Benjamin Keller was awarded a verdict of $1,000.00. Appellant obviously did not consider that it was prejudiced in the case of *Raymond Keller,* who made the

inadvertent slip, in the course of testifying in his own behalf with respect to his property damage. Just how the appellant was prejudiced in this case but not prejudiced in the *Raymond Keller* case is not even suggested in argument. We are not convinced there was any abuse of discretion, amounting to an error of law, on the part of the trial judge, let alone any resulting prejudice to the appellant.

The judgment of the lower court is

Affirmed.

Moss, C. J., Lewis and Littlejohn, JJ., and Louis Rosen, Acting J., concur.