19988

SPEIZMAN KNITTING MACHINES CORP., Respondent, v. A. A. FRETWELL, doing business as S Q Knits, and Commercial Credit Industrial Corp., of which A. A. Fretwell is, Appellant.

(213 S. E. (2d) 586)

*Messrs. Roy McBee Smith,* and *Thomas E. Foster,* of Spartanburg, *for Appellant,*

*Messrs. Richard A. Bigger, Jr.,* of *Weinstein, Sturges, Odom, Bigger & Jonas,* Charlotte, N. C., *and Ward, Howell, Barnes and Long,* of Spartanburg, *for Respondent,* 

April 8, 1975.

Moss, Chief Justice:

A. A. Fretwell, the appellant herein, on September 21, 1971, purchased from Speizman Knitting Machines, the respondent herein, five knitting machines for a total sales price of $155,000. The sales price of each machine was $31,000 and shipping charges were $250 each or a total of $31,250. These machines were delivered to the appellant at his place of business in Cowpens, South Carolina, on or about November 1, 1971. Subsequent thereto, the appellant paid to the respondent the sum of $93,750, representing the purchase price of three of the knitting machines plus shipping charges in the amount of $750.

Speizman instituted this action against the appellant alleging that there is still due and owing to it the sum of $62,000, representing the unit price of two knitting machines at $31,000 each, plus shipping charges in the amount of $500.

The appellant, by answer, admits the purchase from the respondent of five knitting machines for the consideration mentioned, and that it has paid to the respondent, for three of the knitting machines, the amount heretofore stated. It is then alleged that by the terms of the contract between the parties, the knitting machines were guaranteed to be in good operating condition and to operate properly and satisfactorily in the appellant's plant before the purchase price was due. It is also alleged that two of the knitting machines were rejected because they were in a damaged and defective condition at the time of delivery and because thereof payment was refused. The final allegation was that the appellant was not indebted to the respondent because the machines were not fit for the purpose for which they were purchased.

This case came on for trial before the Honorable Wade S. Weatherford, Jr., Presiding Judge, and a jury, at the 1974 May Term of the Court of Common Pleas for Spartanburg County and resulted in a verdict in favor of the respondent in the amount of $31,250, representing the purchase price and shipping charges for one of the knitting machines. This appeal followed.

At the conclusion of the court's instructions to the jury, the appellant, pursuant to Section 10-1210 of the Code, requested the trial judge to instruct the jury that a contract could be cancelled or mutually terminated by the parties. The trial judge refused this request and error is alleged.

In the testimony one of the knitting machines was described as the "dropped machine," the same having fallen through the wooden pallet upon which it was shipped and because of such was defective. The dispute as to this knitting machine was resolved by the jury and the appellant excused from making payment of the purchase price for it. There is no issue for our determination with reference to this machine.

The other knitting machine was referred to as the "noise machine." The testimony in behalf of the appellant was that

this knitting machine did not meet the specifications contained in the contract of purchase and that it did not make first quality cloth and because thereof he wanted it out of the plant, to which the respondent agreed. The testimony in behalf of the respondent was that one of its representatives visited the plant of the appellant and found this machine in operation but running noisily. This representative advised the appellant that the respondent wanted the opportunity to put this machine in running order and if this could not be done they would take the machine back, to which the appellant agreed. Admittedly, this knitting machine was running noisily, but a small part in this machine was replaced and the noise ceased, after which the machine began operating properly. There was further testimony that this representative and the appellant made the agreement that it was the respondent's obligation to get this machine, and the "dropped machine," running, and if this was done the appellant would pay for the two machines, and if not done, the respondent would take the machines back.

The jury returned a verdict for the respondent in the amount of $31,250, representing the purchase price and shipping charges for the "noise machine." This appeal involves only the verdict and judgment with reference to this knitting machine.

The trial judge submitted to the jury the question of whether the respondent breached or failed to perform its portion of the contract, as was contended for by the appellant. He further told the jury that if they found the respondent had complied with its contract, then the appellant was obligated to perform on his part and pay the purchase price. It is evident from the verdict of the jury that they found full performance of the contract by the respondent as to the so-called "noise machine."

A careful consideration of the record in this case convinces us that there was neither allegation nor proof of the termination or cancellation of the contract with which we are here

concerned. This being true, we think the trial judge properly refused to charge as requested. We have held that instructions to the jury should be confined to the issues made by the pleadings and the facts developed by the evidence in support of those issues. No instruction should be given by the court which tenders an issue not raised by the pleadings or supported by the evidence. *Quality Concrete Products v. Thamason,* 253 S. C. 579, 172 S. E. (2d) 297.

The exception of the appellant is overruled, and the judgment below is,

Affirmed.

LEWIS, BUSSEY, LITTLEJOHN and NESS, JJ., concur.