20388

Tracie J. TUCKER, a minor under the age of fourteen (14) years, by her guardian ad litem, N. E. Tucker, Respondent, v. Daniel J. REYNOLDS, Appellant.

Elsie Jeanne TUCKER, Respondent, v. Daniel J. REYNOLDS, Appellant.

(Two Cases)

(233 S. E. (2d) 402)

*Messrs. Grimball & Cabannis,* of Charleston, *for Appellant,*

*Messrs. Paul & Belk,* of Charleston Heights, *for Respondents,*

March 18, 1977.

RHODES, Justice:

The plaintiffs, Elsie Jeanne Tucker and her minor daughter, Tracie, instituted these lawsuits, which were consolidated for trial, against the defendant, Daniel J. Reynolds. The suits arose out of an accident in Charleston County wherein the defendant's automobile crossed over into the oncoming lane of traffic and struck the plaintiffs' vehicle in a head-on collision. The plaintiffs alleged that their injuries were due to, and proximately caused by, the negligence, recklessness and willfulness of the defendant in the operation of his motor vehicle. The jury returned verdicts in favor of both plaintiffs, awarding Elsie Jeanne Tucker $138.00 actual damages and $5,000 punitive damages, and awarding Tracie Tucker actual and punitive damages in the amounts of $3,000 and $12,000, respectively. From the trial court's denial of the defendant's objections and various timely motions for a mistrial, new trial, nonsuit, directed verdict, and judgment n. o. v., the defendant appeals. We affirm.

The defendant's initial assertion of error concerns Elsie Jeanne Tucker's mention of the word "insurance". The defendant contends that the statement was prejudicial to him and that the court erred in refusing to declare a mistrial.

The word "insurance" was injected during the course of the plaintiff's direct examination in response to a question by her attorney, as follows:

"A. Well, by that time there were people coming to the car and somebody was at my door trying to get in. I had locked the door and I unlocked it for whoever it was—it was a man and at that time some lady handed me a washcloth for Tracie's mouth.

"Q. Could you identify that man?
"A. No.

"Q. Did you conduct an investigation after this accident?
"A. Yes, I did.

"Q. What if anything did your investigation disclose?

"A. Well, from here on I turned it over to you and through your endeavors and the insurance — uh — they showed me the pictures that you all had and I identified the vehicle and you said, you know, you said the man's name was Mr. Reynolds. You found that out and pointed it out to me."

The question of whether or not a motion for a mistrial ██ should be granted rests in the trial judge's sound discretion, and his ruling on such motion will not be disturbed unless abuse of discretion is shown. *Riddle-Duckworth, Inc. v. Sullivan,* 253 S. C. 411, 171 S. E. (2d) 486 (1969). Moreover, on a motion for a mistrial because of the injection of liability insurance during the trial, the burden is upon the movant to show not only error but also resulting prejudice to him. *Keller v. Pearce-Young-Angel Co.,* 253 S. C. 395, 171 S. E. (2d) 352 (1969).

After reviewing the pertinent testimony, we are of █ the opinion that the plaintiff's use of the word "insurance" was inadvertent and not intentional or deliberate. As grounds for denying the defendant's motion for a mistrial, the trial judge stated that, from the manner in which the plaintiff had mentioned "insurance", the jury was not able to determine whose insurer she was referring to. We are in substantial agreement with the reasoning advanced by the court for refusing to declare a mistrial. A review of the context of the testimony in which the plaintiff spoke the word "insurance" leads us to conclude that the defendant was not prejudiced. This exception is, therefore, overruled.

The defendant next contends that the trial court erred in charging the jury on punitive damages and in refusing to grant the defendant's motion for judgment n. o. v. as to punitive damages, because the Complaints did not pray for such damages by name. The defendant argues that there was resulting surprise to him in this regard.

Here, it is not the substance of the court's instruction which the defendant challenges but, rather, the fact that there was a charge at all on punitive damages. It must be noted that the court acts correctly when it charges the jury on the law framed by the issues as made by the pleadings and the facts developed by the evidence in support of those issues. See *Speizman Knitting Machines Corp v. Fretwell*, 264 S. C. 168, 213 S. E. (2d) 586 (1975). Where a plaintiff alleges and proves a willful tort, he may recover both actual and punitive damages. *Furman v. A. C. Tuxbury Land & Timber Co.*, 112 S. C. 71, 99 S. E. 111 (1919). Punitive damages, not being special damages, need not be specially pleaded or demanded by that name, it being sufficient that the facts alleged justify an award of such damages. 25 C. J. S. Damages § 133.

In the case at bar, the Complaints contained allegations to the effect that the injuries sustained by the plaintiffs were due to, and proximately caused by, the negligence, recklessness and willfulness of the defendant. The Complaints set forth specifications of alleged reckless and willful misconduct. Our examination of the record of this case leads us to conclude that these allegations were supported by the evidence presented. Moreover, the amount of damages prayed for was not exceeded by the verdict in either case. The Complaints gave the defendant adequate notice of the plaintiffs' cause of action and the relief to which the plaintiffs supposed themselves entitled. There was, therefore, no basis for surprise to the defendant, and the jury's award and the court's instruction did not constitute error.

The defendant's final argument is his assertion that the trial court erred in charging the jury that the defendant had the burden of proof on the issue of unavoidable accident. The defendant's original Answer contained the allegation of unavoidable accident in the Second Defense, which usually contains the affirmative defenses, if any. On motion of the plaintiff, however, the Answer was amended by moving the allegation of unavoidable accident to the First Defense,

which normally contains no more than general denials. The essence of the defendant's assertion of unavoidable accident is that he lost control of his automobile when he passed over a depression in the street, which forced his car into the opposite lane of traffic where the plaintiffs' automobile was approaching, causing the injuries complained of.

First, the assertion of unavoidable accident is not an affirmative defense requiring special proof on the part of the defendant. Here we rely on our decision in *Grier v. Cornelius,* 247 S. C. 521, 534, 148 S. E. (2d) 338, 344 (1966), which quoted with approval the following statement from *Page v. Camp Mfg. Co.,* 180 N. C. 330, 104 S. E. 667 (1920):

"The burden to prove his case is *always* on the plaintiff, whether the defendant introduces evidence or not. Where we have said, 'It is the duty of the defendant to go forward with his proof,' it was only meant in the sense that, if he expects to win, it is his duty to do so, or take the risk of an adverse verdict, and not that any burden of proof rested upon him. He pleads no affirmative defense but the general issue, and this puts the burden throughout the case on the plaintiff, who must recover, if at all, by establishing his case by the greater weight of evidence." [Emphasis supplied.]

See also 65 A. L. R. (2d), Unavoidable Accident Instruction § 44. Therefore, it was proper for the defendant to allege unavoidable accident in the First Defense of the Answer. By the same token it was improper for the trial judge to instruct the jury that the defendant had the burden of proof on the question of unavoidable accident.

However, although we view the court's instruction on burden of proof as error, we find it unnecessary to reverse and remand. Where the evidence does not raise a genuine issue on the matter of unavoidable accident, the court errs if it instructs the jury on that question. *Grier v. Cornelius, supra; Collins v. Thomas,* 244 S. C. 128, 135

S. E. (2d) 754 (1964).[1] Such an instruction "is inappropriate where the evidence shows clearly that the accident was caused or contributed to by the negligence of one or more of the parties." *Collins v. Thomas, supra,* 244 S. C. at 131, 135 S. E. (2d) at 754-755.

After a thorough review of the evidence in the instant case, we conclude that an instruction on unavoidable accident was not warranted. Officer John Ervin Steen, who arrived at the scene after the accident, testified that the posted speed limit was 35 miles per hour; that it had ben raining heavily that afternoon and the road surface was extremely wet; that any motorist who drives across the depression, or dip, on Reynolds Avenue at the posted speed limit would have no problems, but that if one drove above the speed limit, he would have trouble with his automobile; that the defendant stated to Officer Steen that, as he was traveling on Reynolds Avenue, the traffic light started to change, that he therefore accelerated, hit the dip in the road and lost control of his vehicle. Officer Steen also described the defendant as being extremely intoxicated at the scene of the accident, having an extreme odor of alcohol and stumbling when he moved.

Furthermore, Sylvia Elaine Lathem, a passenger in the defendant's vehicle and called by the defendant as a witness, testified that between 12:00 noon and 4:30 P. M. on the afternoon in question, the defendant visited two bars and had at least one drink at each bar and possibly more; that the defendant did indeed accelerate his vehicle near where the accident occurred; that the defendant was driving at 35-45 miles per hour *before* he speeded up to cross the intersection; that the defendant was driving at approximately 45 miles per hour when he crossed the intersection just prior to hitting the dip and that he could have been driving even faster.

---

[1] While the plaintiffs did not raise at trial the question of whether or not the evidence warranted a charge on unavoidable accident, this Court raises the issue *sua sponte.*

Finally, the defendant himself, upon testifying, admitted that he had consumed two drinks of alcohol on the afternoon of the accident, but denied that he was intoxicated. He stated that it was misty at the time of the accident and was raining; that he was almost sure that the radio was turned on in his car and that he was having a conversation with a passenger in the front seat. Perhaps the most damaging testimony given by the defendant was his admission that he had traveled Reynolds Avenue many times prior to the accident and was very familiar with the road, but that he had never before lost control of his automobile when crossing the dip. From the defendant's admissions and the other testimony summarized above, no reasonable inference can be drawn that neither the defendant nor the plaintiff driver (since evidence of contributory negligence was offered) acted without negligence.

The instruction on unavoidable accident given by the trial judge was highly favorable to the defendant. The subsequent charge by the court that the burden of proof was on the defendant did not negative the beneficial effect of the overall charge on the issue. While the trial judge was in error by his charge as to who had the burden of proof, he also erred by instructing initially on unavoidable accident. However, the error regarding burden of proof was inconsequential in that it did not, and could not, prejudice the defendant. We, therefore, overrule the exception.

The judgment appealed from is

Affirmed.

LEWIS, C. J., and NESS and GREGORY, JJ., concur.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would grant a new trial to the defendant because of the erroneous charge of the law. The majority opinion recognizes the error, but excuses it. The trial judge recognized the error, too.

After defining "unavoidable accident," the trial judge told the jury:

"Now, the burden to prove an unavoidable accident would be on the Defendant."

At the end of the charge, the judge invited counsel to assert "Any exceptions to the charge as made?" Counsel for the defendant objected and gave the judge an opportunity to correct the mistake. The following transpired:

"MR. VAUGHN: Further, your Honor, in charging on unavoidable accident you said we had the burden of proof. You remember we originally pleaded this as an affirmative defense and on motion of the other party we put that in our general denial, so I don't think we have the burden of proof on unavoidable accident. "COURT: I don't think you have either. However, I'm not going to open that can of worms, either sole negligence or unavoidable accident. I'm going to leave it where it is. You can use that as grounds for appeal. Anything further?"

The error should have been corrected before the jury began its deliberations. The error was prejudicial.

I also disagree with that part of the majority opinion which holds that the court "erred by instructing initially on unavoidable accident." In my view, it is almost never improper to charge the law of unavoidable accident in a negligence case. Negligence is the law of the avoidable accident. In effect, one alleging negligence says to the court, "The happening could have been avoided by the use of ordinary care." Accordingly, the law of avoidable accident is always necessary in a negligence case. In order to further explain the law, it would be almost never improper to charge the law of unavoidable accident. The facts here warranted the charge.

I would remand for a new trial.