0093

Jerry N. PITTMAN, Appellant, v. J. D. GALLOWAY, Jr., and Hillcrest of Rock.Hill, Inc., Respondents.

(313 S. E. (2d) 632)

Court of Appeals

*Brian S. Wade,* of *Gaines & Wade, P.A.,* Columbia, *for appellant.*

*J. Buford Grier,* Rock Hill, *for respondents.*

Feb. 24, 1984.

SHAW, Judge:

This is an appeal from a tort action in which the appellant-Pittman alleges fraud and deceit and negligence on the part of the respondents in making misrepresentations concerning the sale of land. Pittman and his wife purchased the first lot in a subdivision being developed by the respondent-Hillcrest, Inc. Pittman purchased the lot in question after being informed by the respondent-Galloway, the president of Hillcrest, that all property owners in the subdivision would be able to use a lake located therein. After fishing in the lake for three years, Pittman's access to the lake was lawfully denied by a subsequent property owner. Pittman brought this suit when Hillcrest refused to repurchase the lot. After being instructed only on the cause of action for fraud and deceit, the jury returned a verdict for Hillcrest and Galloway. We reverse and remand for a new trial.

This case presents three issues for our determination: (1) did the trial judge err in refusing to charge the jury on the law of negligence or recklessness; (2) did the trial judge err in not granting a directed verdict or judgment *non obstante verdicto;* (3) did the trial judge err in excluding testimony as to the respondents' business conduct subsequent to the transaction sued on? This being an action at law, on appeal of a case tried by a jury, the jurisdiction of the Court of Appeals extends merely to the correction of errors of law; a factual finding of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jury's findings. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

In his complaint, Pittman set forth two causes of action, one based on fraud and the other on negligence. The trial judge only charged the jury on the issue of fraud. No charge on the issue of negligence was given apparently because the trial judge believed that there was no evidence of negligence and because the second cause of action merely restated a claim based on fraud.

Article V, Section 17 of the South Carolina Constitution requires that "Judges shall not charge juries in respect to matters of fact, but shall declare the law." The trial court acts correctly when it charges the jury on the law framed by the issues as made by the pleadings and the facts developed by the evidence in support of those issues. *Tucker v. Reynolds*, 268 S. C. 330, 233 S. E. (2d) 402 (1977); *Speizman Knitting Machines Corp. v. Fretwell*, 264 S. C. 168, 213 S. E. (2d) 586 (1975). Section 15-13-20 of the 1976 S. C. Code of Laws requires that the pleadings be liberally construed with a view to substantial justice between the parties. *See also Manning v. Dial*, 271 S. C. 79, 245 S. E. (2d) 120 (1978). It is fundamental that pleadings must be liberally construed in favor of the pleader. *Conner v. Williams*, 187 S. C. 119, 197 S. E. 211 (1938); *Mullikin v. Southern Bleachery*, 184 S. C. 449, 192 S. E. 665 (1937).

In his second cause of action, Pittman states that the defendants (respondents here) "were careless, reckless and negligent in the following particulars." Six particulars are then listed which are claimed to be "the direct and proximate cause of the damages suffered" by Pittman. While four of the six particulars do charge Galloway with knowingly or intentionally misrepresenting the facts, the other two do not.

In setting forth a cause of action sounding in tort and based upon negligence, it is necessary to use such words as will convey the idea that there was negligence; there are no words more appropriate than "negligently" and "carelessly" in such cases. *Anderson v. Western Union*, 85 S. C. 252, 67 S. E. 232, rehearing denied 85 S. C. 252, 67 S. E. 477 (1910). The absence of the element of "knowing a reckless falsity" distinguishes mere negligent misrepresentations from fraud. *Gordon-Gallop v. Cincinnati Insurance*, 274 S. C. 468, 265 S. E. (2d) 38 (1980). Here, Pittman alleged that Galloway was "careless", "reckless", and "negligent". Two of the six particulars do not charge Galloway with a knowing or intentional misrepresentation. Thus, the second cause of action is not a restatement of a claim for fraud.

Pittman, as the plaintiff, is also required to specify in his complaint the grounds upon which he bases his cause of action for negligence. *Geddings v. Atlantic Coast Line*, 91 S. C. 477, 75 S. E. 284 (1912). Paragraph six of the first cause of action, which was incorporated in the second

cause of action, stated that the respondents' "misrepresentations were a material factor in the plaintiff's decision to buy said lot." Paragraph fourteen of the second cause of action states that the defendants were careless, reckless and negligent "in making substantial misrepresentations" and "in continuing to pursue a flagrant course of misrepresentation." The evidence shows that Pittman was told that all property owners could use the lake. While this was true when Pittman purchased his lot, Galloway never told Pittman that it was possible that his access to the lake could be denied in the future. Based upon this evidence, we hold that the facts support a cause of action for negligence. *Tucker v. Reynolds, supra. Speizman Knitting, supra.* The trial judge erred in not charging the jury on the issue of negligence.

Even if the second cause of action was defective, Galloway did not demurr to it, make a motion to strike, or raise the issue in his answer. He was content to go to trial without any challenge to the complaint. In this situation, inclusion of both theories of recovery, fraud and negligence, in the jury instructions would not be error. *Carolina Home Builders v. Armstrong Furnace,* 259 S. C. 346, 191 S. E. (2d) 774 (1972). When an act of negligence is not specified in the pleadings but testimony relating thereto is introduced without objection, the act of negligence may ordinarily be considered by the jury. *Johnson v. Finney,* 246 S. C. 366, 143 S. E. (2d) 722 (1965); *Mize v. Blue Ridge Ry. Co.,* 219 S. C. 119, 64 S. E. (2d) 253 (1951).

Pittman next claims that he was entitled to a directed verdict or judgment *n.o.v.* In order to be so entitled as a matter of law, the evidence must be such that only one reasonable inference can be drawn from the evidence presented. *Spencer v. Kirby,* 234 S. C. 59, 106 S. E. (2d) 883 (1959); *Shearer v. DeShon,* 240 S. C. 472, 126 S. E. (2d) 514 (1962). In reviewing the propriety of a denial of a motion for a directed verdict, the evidence must be viewed in the light most favorable to the party opposing the motion. *Gilbert v. Mid-South Machinery,* 267 S. C. 211, 227 S. E. (2d) 189 (1976). *Manning v. Dial, supra.*

The denial of both motions was proper. More than one reasonable inference could have been drawn from the evidence as Pittman was never told that he had access

to the lake in perpetuity. The restrictive covenants contain no permanent easement giving access to the lake. The case was properly submitted to the jury.

Finally, the trial judge excluded testimony concerning a Mr. Jamison's purchase of a lot in the same subdivision from Hillcrest. This purchase occurred one year after Pittman purchased his lot.

Initially, we note that the record is sufficient for this court to determine the substance of the excluded testimony so that we can determine whether the trial judge erred. *Chandler v. People's National Bank*, 140 S. C. 433, 138 S. E. 888 (1927); *Wilson v. Wilson*, 252 S. C. 393, 166 S. E. (2d) 797 (1969). The testimony was offered to show a course of conduct or the business practices of Galloway in selling lots in the subdivision.

Evidence of similar transactions is admissible in South Carolina where there is some special relation between them which would tend to prove or disprove some fact in dispute. It is simply a rule of relevancy, logic and common sense. *Brewer v. Morris*, 269 S. C. 607, 239 S. E. (2d) 318 (1977); *JKT Company v. Harwick*, 274 S. C. 413, 265 S. E. (2d) 510 (1980); *Reed v. Clark*, 277 S. C. 310, 286 S. E. (2d) 384 (1982).

Galloway argues that the excluded testimony concerns a transaction that is subsequent to and remote from the transaction in issue and thus was properly excluded. The general principle is that a prior or subsequent existence is evidential of a later or earlier one. *Tate v. Maudlin*, 157 S. C. 392, 154 S. E. 431 (1930). Here, Pittman purchased the first lot in the subdivision; there were no prior purchases, only subsequent ones. Thus, common sense and logic dictate that testimony concerning a subsequent transaction is not inadmissible solely on the grounds of being subsequent.

Concerning remoteness, testimony to establish facts relating to transactions related in nature and in point of time to the transactions in question is properly admissible. *Citizens Bank v. McDonald*, 202 S. C. 244, 24 S. E. (2d) 369 (1943). The excluded testimony concerned a transaction occurring one year after Pittman's purchase. However, there was no testimony showing whether this sale was the first or fifth, etc. sale after Pittman's. Whether there were

intervening sales between Pittman's and Jamison's would bear greatly on the relevancy of Jamison's testimony and on the remoteness of his transaction. If there were intervening sales, the number of such sales required to make Jamison's testimony remote must be determined by common sense and logic. *Brewer v. Morris, supra.* It could be that Jamison was not the first purchaser after Pittman but was the first purchaser after Pittman to inquire about access to the lake. If this were true, Jamison's testimony would be very relevant.

Accordingly, this case is

Reversed and remanded for a new trial.

BELL and GOOLSBY, JJ., concur.