**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rosemary Connelly, Respondent,

v.

Winsor Custom Homes, LLC, Appellant.

Appellate Case No. 2016-000419

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2019-UP-287
Heard September 10, 2018 – Filed August 7, 2019

**AFFIRMED**

Stephen Lynwood Brown and Russell Grainger Hines, both of Young Clement Rivers, of Charleston, for Appellant.

John A. Massalon and Christy Ford Allen, both of Wills Massalon & Allen, LLC, of Charleston, for Respondent.

**PER CURIAM:** This case arises out of injuries Rosemary Connelly sustained while running on a sidewalk in front of a home under construction on Daniel Island. Winsor Custom Homes (Winsor) was the general contractor for the home. Connelly sued Winsor for negligence, and a jury awarded Connelly $500,000. The

jury found Connelly was thirty-five percent comparatively negligent, and the trial court reduced the award accordingly. Winsor appeals. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the trial court granting a directed verdict in favor of Connelly on the existence of a duty of care: *Doe v. Greenville Cty. Sch. Dist.*, 375 S.C. 63, 72, 651 S.E.2d 305, 309 (2007) ("The existence of a duty owed is a question of law for the courts." (quoting *Doe v. Batson*, 345 S.C. 316, 323, 548 S.E.2d 854, 857 (2001))); *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 858 (D.S.C. 2015) ("Premises liability is a theory of negligence that establishes the duty owed to someone injured *on a landowner's property* as a result of conditions or activities on the land." (citing *Singleton v. Sherer*, 377 S.C. 185, 200, 659 S.E.2d 196, 204 (Ct. App. 2008))); *Shaw v. City of Charleston*, 351 S.C. 32, 43, 567 S.E.2d 530, 536 (Ct. App. 2002) (stating one exception to the general rule "an abutting landowner or occupier . . . does not have a duty of care with respect to the safety of the sidewalk" is when "the abutter created an unsafe condition on the sidewalk" (quoting *Epps v. United States*, 862 F.Supp. 1460, 1464 (D.S.C. 1994))).

2. As to the trial court directing a verdict in favor of Connelly on the existence of a breach of duty: *Estate of Carr ex rel. Bolton v. Circle S Enters., Inc.*, 379 S.C. 31, 38, 664 S.E.2d 83, 86 (Ct. App. 2008) ("In ruling on a motion for directed verdict, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motion and to deny the motion when either the evidence yields more than one inference or its inference is in doubt."); *Chakrabarti v. City of Orangeburg*, 403 S.C. 308, 313, 743 S.E.2d 109, 112 (Ct. App. 2013) ("A directed verdict motion is properly granted if the evidence as a whole is susceptible of only one reasonable inference." (citing *Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 15, 567 S.E.2d 881, 888 (Ct. App. 2002))).

3. As to the trial court's refusal to charge section 343A of the Restatement (Second) of Torts (Am. Law Inst. 1965): *Clark v. Cantrell*, 339 S.C. 369, 390, 529 S.E.2d 528, 539 (2000) ("When instructing the jury, the trial court is required to charge only principles of law that apply to the issues raised in the pleadings and developed by the evidence in support of those issues." (citing *Tucker v. Reynolds*, 268 S.C. 330, 335, 233 S.E.2d 402, 404 (1977))); Restatement (Second) of Torts § 343A ("A possessor of land is not liable to his *invitees* for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (emphasis added)).

4.  As to the trial court's failure to direct a verdict in favor of Winsor due to section 343A of the Restatement (Second) of Torts: *Chakrabarti*, 403 S.C. at 313, 743 S.E.2d at 112 ("A directed verdict motion is properly granted if the evidence as a whole is susceptible of only one reasonable inference."); *Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 463, 629 S.E.2d 653, 663 (2006) ("The appellate court must determine whether a verdict for a party opposing the motion would be reasonably possible under the facts as liberally construed in his favor." (citing *Bultman v. Barber*, 277 S.C. 5, 7, 281 S.E.2d 791, 792 (1981))).

5.  As to the trial court's refusal to grant Winsor a directed verdict on comparative negligence: *Thomasko v. Poole*, 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002) ("In a comparative negligence case, the trial court should grant the motion [for directed verdict] if the sole reasonable inference from the evidence is the non-moving party's negligence exceeded fifty percent." (citing *Bloom v. Ravoira*, 339 S.C. 417, 422, 529 S.E.2d 710, 713 (2000))); *id.* ("Because the term is relative and [dependent] on the facts of a particular case, comparing the negligence of two parties is ordinarily a question of fact for the jury." (citing *Creech v. S.C. Wildlife and Marine Res. Dep't*, 328 S.C. 24, 32, 491 S.E.2d 571, 575 (1997); *Mahaffey v. Ahl*, 264 S.C. 241, 247, 214 S.E.2d 119, 122 (1975))).

6.  As to the trial court's denial of Winsor's motion for a mistrial due to the mentioning of insurance: *Mishoe v. QHG of Lake City, Inc.*, 366 S.C. 195, 202, 621 S.E.2d 363, 366 (Ct. App. 2005) ("The granting or denying of a motion for mistrial is within the sound discretion of the trial judge." (citing *Creighton v. Coligny Plaza Ltd. P'ship*, 334 S.C. 96, 118, 512 S.E.2d 510, 521 (Ct. App. 1998))); *id.* at 202, 621 S.E.2d at 366-67 ("The granting of a motion for a mistrial is an extreme measure which should be taken only when an incident is so grievous that the prejudicial effect can be removed in no other way." (citing *State v. Beckham*, 334 S.C. 302, 310, 513 S.E.2d 606, 610 (1999))); *Tucker v. Reynolds*, 268 S.C. 330, 334, 233 S.E.2d 402, 404 (1977) ("[O]n a motion for a mistrial because of the injection of liability insurance during the trial, the burden is upon the movant to show not only error but also resulting prejudice to him." (citing *Keller v. Pearce-Young-Angel Co.*, 253 S.C. 395, 398, 171 S.E.2d 352, 354 (1969))); *id.* (finding "the plaintiff's use of the word 'insurance' was inadvertent and not intentional or deliberate" and the defendant was not prejudiced).

7.  As to the trial court's admission of Connelly's experts' testimony: *Gooding v. St. Francis Xavier Hosp.*, 326 S.C. 248, 252, 487 S.E.2d 596, 598 (1997) ("The qualification of an expert witness and the admissibility of the expert's testimony

are matters within the trial court's discretion." (citing *McGee v. Bruce Hosp. Sys.*, 321 S.C. 340, 344, 468 S.E.2d 633, 636 (1996); *Creed v. City of Columbia*, 310 S.C. 342, 344-45, 426 S.E.2d 785, 786 (1993))); *Watson v. Ford Motor Co.*, 389 S.C. 434, 449, 699 S.E.2d 169, 177 (2010) ("The trial court must examine the substance of the testimony to determine if it is reliable, regardless of whether the expert evidence is scientific, technical, or other specialized knowledge."); *McGee*, 321 S.C. at 345, 468 S.E.2d at 636 (stating even if admission of expert testimony was error, it was harmless because it was cumulative to other evidence).

8.  As to the trial court's denial of Winsor's motion for a new trial absolute: *Kelley v. Wren*, 415 S.C. 379, 393, 782 S.E.2d 406, 413 (Ct. App. 2016) ("A trial court may grant a new trial absolute 'only when the verdict "is shockingly disproportionate to the injuries suffered and thus indicates that passion, caprice, prejudice, or other considerations not reflected by the evidence affected the amount awarded."'" (quoting *Burke v. AnMed Health*, 393 S.C. 48, 56, 710 S.E.2d 84, 88 (Ct. App. 2011))); *id.* ("The trial court and this court must give 'substantial deference' to the jury's determination of damages." (quoting *Burke*, 393 S.C. at 56, 710 S.E.2d at 88)); *id.* ("Whether the verdict is so excessive as to require a new trial is within the discretion of the trial court.").

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**