20549

Barbara BREWER, Respondent, v. Marshall L. MORRIS, Jr., and Ag-Rotor, Inc., Appellants.

(239 S. E. (2d) 818)

*Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellants,*

*Land and Harness,* of Manning, *for Respondent,*

November 28, 1977.

RHODES, Justice.

Plaintiff-Respondent (Barbara Brewer) brings this action against Defendants-Appellants (Marshall L. Morris, Jr., and his employer, Ag-Rotor, Inc.) alleging that her automobile was damaged as a result of having been sprayed by a chemical insecticide known as Triple-Kill while the respondents were engaged in their business of aerially applying chemicals to agricultural crops. A jury verdict was returned for the plaintiff. The principal question raised on this appeal is whether the trial judge erred in excluding evidence of the effect of this chemical on the paint of other automobiles. We hold that he did and remand for a new trial.

The evidentiary question here involved is occasioned by the contention of appellants that Triple-Kill was a non-corrosive chemical and would not damage an automobile's finish.

During the trial Morris, who was the pilot of the helicopter engaged in spraying the chemical, testified that at the time in question he had been using Triple-Kill, a chemical insecticide manufactured by Helena Chemical Company. When Morris attempted to testify as to his experience with the chemical and its effect on the finishes of other automobiles, the testimony was excluded. The defendants also offered testimony from Billy Frierson, an employee of Helena Chemical Company, who testified he was familiar with Triple-Kill and its properties and characteristics and that all Triple-Kill was "made up the same". When this witness attempted to testify as to the effects of the chemical on automobile paint, this testimony was likewise excluded.

Evidence of similar accidents, transactions, or happenings is admissible in South Carolina where there is some special relation between them which would tend to prove or disprove some fact in dispute. *E. g.Turner v. Wilson*, 227 S. C. 95, 86 S. E. (2d) 867 (1955). In actuality, it is simply a rule of relevancy, logic, and common sense. *Gantt v. Columbia Coca-Cola Co.*, 193 S. C. 51, 7 S. E. (2d) 641 (1940).

In *Gantt* the plaintiff sued for injuries received from drinking a bottle of Coca-Cola which allegedly contained a poisonous substance known as bluestone, a copper sulfate compound. The bottling company attempted to introduce evidence that it had never had any prior complaints of bluestone in Coca-Cola but the evidence was excluded. This Court reversed, saying:

. . . we think it would have been entirely relevant for the plaintiff in the case at bar to offer evidence, provided of course the facts warranted it, that at about the same time as that of the incident in question some other bottle or bottles of coca-cola put out by the defendant company were found to contain bluestone. And by the same token we see no good reason why it would not have been equally relevant in behalf of the defendant company for it to offer evidence if warranted by the facts, tending to show that the other

coca-cola bottled by it at about that time was free from blue-stone. Hence testimony that no charge or complaint had ever been made that bluestone had been discovered in coca-cola bottled by this company, except in this particular case, would have been a supporting and relevant circumstance to that end. Applying the rule of logic (or its equivalent here, common sense), which really determines the matter of relevancy, such evidence would have at least some probative value to be considered by the jury . . ..

7 S. E. (2d) at 647.

The rationale of *Gantt* is applicable here. It could not seriously be contended that the plaintiff in the present case would be barred from introducing evidence that Triple-Kill had damaged the finish on other automobiles if such be the case. Likewise, testimony that Triple-Kill had not damaged other automobiles has some probative force on the question of whether the chemical damaged the plaintiff's automobile.

We are of the opinion that the testimony of Morris and Frierson should not have been excluded, and that such exclusion constituted reversible error in that the testimony proffered related to the basic issue in the case.

The testimony of defendants' other two witnesses (Morse and DeBose) was properly excluded. These two witnesses attempted to testify from their personal experience as to the effects of Triple-Kill on the finish of an automobile. However, a proper foundation was lacking in that it had not been established that the automobiles they were familiar with had been sprayed with the chemical in question. Morris testified that Ag-Rotor used various insecticides, and the two witnesses could not say that the experiences they were relating involved Triple-Kill or whether it was, in fact, some other chemical.

In light of the foregoing disposition of this appeal, the remaining question is not reached.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.