1380

Yvonne McELVEEN, Appellant v. George FERRE, M.D., Respondent.
(385 S. E. (2d) 39)

Court of Appeals

*Francis T. Draine*, Columbia, *for appellant.*

*John S. Wilkerson, III,* and *Flo S. Lester* of *Turner, Padget, Graham & Laney*, Florence, *for respondent.*

Heard June 7, 1989.

Decided July 31, 1989.

*Per Curiam:*

Yvonne McElveen sued Dr. George Ferre for medical malpractice, alleging that he was negligent in numerous particulars related to two back surgeries he performed on her. The jury returned a verdict for Ferre. The court denied McElveen's motions for judgment non obstante veredicto and for a new trial. McElveen appeals on the grounds that (1) the evidence overwhelmingly supported her claims; and that the court erred (2) in admitting certain evidence, (3) in its charge to the jury, and (4) in permitting improper closing argument by Ferre's counsel. We affirm.

1. McElveen contends the evidence unequivocally establishes Ferre's liability for malpractice. To support her contention she relies heavily on the testimony of her own expert witnesses and ignores the countervailing testimony of Ferre and his expert witness. Where an appeal is from a jury verdict, this Court is not free to weigh the evidence, but must view the evidence and the inferences drawn therefrom in the light most favorable to Ferre. *See McVey v. Whittington*, 248 S. C. 447, 151 S. E. (2d) 92 (1966); *Jackson v.*

*Price,* 288 S. C. 377, 342 S. E. (2d) 628 (Ct. App. 1986); *Causey v. Blanton,* 281 S. C. 163, 314 S. E. (2d) 346 (Ct. App. 1984). If there is any evidence which reasonably supports the verdict, we must affirm the judgment. *McGaha v. Mosley,* 283 S. C. 268, 322 S. E. (2d) 461 (Ct. App. 1984). We have considered the evidence relating to each specification of negligence set forth by McElveen. In each instance there is evidence which supports the verdict. The exception is without merit.

2. McElveen next argues that the judge improperly admitted certain evidence.

One of the critical issues at trial was Ferre's use of a muscle graft during the second surgery to cover a dural tear which occurred during the first surgery. McElveen's expert witnesses testified that the use of a muscle graft was not a medically acceptable procedure to repair a dural tear. The court permitted Ferre's expert witness, Dr. King, to testify that he had talked with two orthopedic surgeons who said the use of a muscle graft was one alternative way to close a dural tear. McElveen objected to the testimony on the ground that it was inadmissible hearsay. We hold that any error in this regard was harmless, because King's testimony was cumulative to other evidence, received without objection, that use of a muscle graft was an acceptable procedure in McElveen's case. *See Jackson v. Price,* 288 S. C. 377, 342 S. E. (2d) 628 (Ct. App. 1986) (reversal is not warranted where evidence erroneously admitted is merely cumulative).

McElveen also contends the judge erred in admitting her prior medical records because they were not relevant. One issue at trial was whether scarring inside the dura was a preexisting condition attributable to back surgery performed in 1975 or a result of the two operations Ferre performed. McElveen's prior medical records would presumably have probative value on this issue. However, McElveen did not include the medical records in the transcript on appeal. Consequently, we have no basis for reviewing the question. *See Robert Harmon and Bore, Inc. v. Jenkins,* 282 S. C. 189, 318 S. E. (2d) 371 (Ct. App. 1984).

3. McElveen also excepts to the jury charge in two particulars.

First, she argues that the judge erred in charging "a doctor is not the guarantor of results," because the instruction was not related to any issue raised by the

evidence. However, the record shows that both McElveen and her daughter testified that Ferre told her the surgery would relieve her pain and could be done with no complications. This testimony raised the issue of liability for "bad results," making the judge's charge appropriate.

Second, McElveen objects that the judge improperly charged the "locality rule" as the professional standard of care required of Ferre. We have read the initial charge and find it is a correct statement of the law in *King v. Williams*, 276 S. C. 478, 279 S. E. (2d) 618 (1981). At McElveen's request, the judge recharged the professional standard of care for a medical practitioner, using the language of *King v. Williams*. We likewise find no error in the second charge.

4. Finally, McElveen excepts to two statements made by Ferre's counsel during closing argument.

At one point Ferre's counsel told the jury that the law ■ "does not create an insurance policy between a physician and a patient. A physician is not an insurer of good results." McElveen did not object to the statement when it was made. Her counsel first questioned it after closing arguments and out of the presence of the jury. An objection made after closing argument and out of the presence of the jury is not timely and will not be reviewed by exception on appeal. *Varnadore v. Nationwide Mutual Insurance Company*, 289 S. C. 155, 345 S. E. (2d) 711 (1986).

Ferre's counsel also argued to the jury:

> She's [McElveen] asking you to tell the community of Chesterfield County and to tell the State of South Carolina that Dr. Ferrer [sic] has no business practicing medicine in this area.

McElveen objected on the ground that the argument suggested an adverse verdict would put Ferre out of business. The judge immediately gave a curative charge, admonishing the jury that the question in the case was whether there was malpractice. Ferre's attorney responded by stating:

> That is correct, Your Honor. Thank you. He [sic] seeks to have you determine that Dr. Ferrer [sic] has committed medical malpractice.

McElveen's attorney made no further objection and defense counsel completed his closing argument. After the judge

charged the jury and they retired, McElveen's attorney objected to the judge's earlier curative charge. Subsequently, he raised the same issue in his motion for a new trial.

When objection is timely made to improper remarks of counsel, the judge should rule on the objection, give a curative charge to the jury, and instruct offending counsel to desist from improper remarks. *Madden v. Cox*, 284 S. C. 574, 328 S. E. (2d) 108 (Ct. App. 1985). If the judge takes these steps, and the initial objecting party is not satisfied with the instruction, a further objection and a request for a further instruction should be made at that time. *See Gulf, Colorado & Santa Fe Railroad Company v. Parmer*, 389 S. W. (2d) 558 (Tex. Civ. App. 1965); *see also City of Shelbyville v. Morton*, 138 Ind. App. 460, 208 N. E. (2d) 705 (1965); *Birmingham News Company v. Payne*, 230 Ala. 524, 162 So. 116 (1935). If the objecting party fails to make this additional objection, the asserted misconduct of counsel is not preserved for review on appeal. *See City of Shelbyville v. Morton, supra.*

Here, the judge gave a curative charge to the jury. Offending counsel agreed with the judge's correction in the presence of the jury. He made no further improper remarks. McElveen's attorney did not object to the sufficiency of the curative charge at that time. Accordingly, no error was preserved and the judge properly denied the motion for a new trial.

For the reasons stated, there is no merit to McElveen's exceptions. We, therefore, affirm the judgment of the circuit court.

Affirmed.