621 S.E.2d 363

**Jenny C. MISHOE, Respondent,**

v.

**QHG OF LAKE CITY, INC., Appellant.**

**No. 4027.**

Court of Appeals of South Carolina.

Heard June 15, 2005.

Decided Oct. 3, 2005.

Rehearing Denied Nov. 17, 2005.

196

198

Charles E. Carpenter, Jr. and S. Elizabeth Brosnan, both of Columbia and Douglas C. Baxter, of Myrtle Beach, for Appellant.

Ronnie Alan Sabb and W.E. Jenkinson, III, both of Kingstree, for Respondent.

HEARN, C.J.

In this civil action, QHG of Lake City, Inc. appeals the award of $750,000 in actual damages and $1,250,000 in punitive damages in favor of Jenny C. Mishoe. QHG alleges a new trial should be granted as a result of an improper closing argument and the circuit court's erroneous restriction of the scope of QHG's cross-examination of Mishoe. Moreover, QHG argues the evidence does not support an award of punitive damages. We affirm.

## FACTS

On June 3, 1998, Jenny C. Mishoe visited her grandmother at Carolinas Hospital System, a wholly owned facility of QHG of Lake City, Inc. After the visit, Mishoe left the hospital via the emergency room exit and proceeded to her car across the horseshoe drive area in front of the emergency room doors. While walking across the pavement near the emergency room exit, Mishoe's left foot got caught in a hole. Mishoe suffered serious injuries to both her left ankle and right knee.

QHG was required to perform regular, twice-yearly safety inspections of its premises to maintain its accreditation. On July 1, 1997, the head of maintenance for the hospital, Edward McDonald, provided the hospital with a written report stating a hole existed in the pavement near the emergency room exit. The hospital took no action to repair the hole or warn visitors and patients of the hole's existence.

The matter proceeded to trial and the jury returned a verdict in Mishoe's favor in the amount of $750,000 actual damages and $1,250,000 punitive damages. The jury found Mishoe ten percent comparatively negligent, and the circuit court reduced the actual damages accordingly. QHG made a motion for a directed verdict and judgment notwithstanding the verdict on the issue of punitive damages, which the circuit court denied. The circuit court also denied QHG's motion for reconsideration. This appeal followed.

## LAW/ANALYSIS

### I. Punitive Damages

QHG alleges the circuit court erred in denying its motion for a directed verdict and judgment not withstanding the verdict on the issue of punitive damages.[1] Specifically, QHG argues the circuit court erred because there was no clear and convincing evidence the hospital's actions constituted willful, wanton, or reckless conduct. We disagree.

In reviewing the denial of a motion for directed verdict or JNOV, the appellate court applies the same standard as the circuit court. *Gilliland v. Doe,* 357 S.C. 197, 199, 592 S.E.2d 626, 627 (2004). When ruling on directed verdict or JNOV motions, the circuit court must view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *Sabb v. South Carolina State Univ.,* 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002). If the evidence as a whole is susceptible to more than one reasonable inference, a jury issue is created and the motion should be denied. *Adams v. G.J. Creel & Sons, Inc.,* 320 S.C. 274, 277, 465 S.E.2d 84, 85 (1995).

On appeal from the denial of a motion for directed verdict or JNOV, the appellate court may only reverse if there is no evidence to support the circuit court's ruling. *South*

---

1. QHG does not ask this court to review the circuit court's *Gamble v. Stevenson,* 305 S.C. 104, 406 S.E.2d 350 (1991), punitive damages analysis. Although QHG takes issue with opposing counsel's comment during closing argument regarding the $2.8 million sale of the hospital, it does so only by arguing a mistrial should have been granted. *See infra.* QHG does not assert the use of the $2.8 million sales price was an improper method to value QHG's net worth.

*Carolina Prop. & Cas. Guar. Ass'n v. Yensen,* 345 S.C. 512, 521, 548 S.E.2d 880, 885 (Ct.App.2001). Neither the circuit court nor the appellate court has the authority to decide credibility issues or resolve conflicts in testimony. *Garrett v. Locke,* 309 S.C. 94, 99, 419 S.E.2d 842, 845 (Ct.App.1992).

In order to receive an award of punitive damages, the plaintiff has the burden of proving by clear and convincing evidence the defendant's misconduct was willful, wanton, or with reckless disregard for the plaintiff's rights. S.C.Code Ann. § 15–33–135 (2004); *Taylor v. Medenica,* 324 S.C. 200, 221, 479 S.E.2d 35, 46 (1996). A conscious failure to exercise due care constitutes willfulness. *Welch v. Epstein,* 342 S.C. 279, 301, 536 S.E.2d 408, 419 (Ct.App.2000). When evidence exists that suggests a defendant is aware of a dangerous condition and does not take action to minimize or avoid the danger, sufficient evidence exists to create a jury issue as to whether there is clear and convincing evidence of willfulness. *See McGee v. Bruce Hosp. Sys.,* 321 S.C. 340, 346, 468 S.E.2d 633, 637 (1996). The issue of punitive damages must be submitted to the jury if more than one reasonable inference can be drawn from the evidence as to whether the defendant's behavior was reckless, willful, or wanton. *Welch,* 342 S.C. at 301, 536 S.E.2d at 419.

The amount of damages, actual or punitive, remains largely within the discretion of the finder of fact, as reviewed by the trial judge. *Gamble v. Stevenson,* 305 S.C. 104, 406 S.E.2d 350 (1991). The trial judge is vested with considerable discretion over the amount of a punitive damages award, and this court's review is limited to correction of errors of law. *Welch,* 342 S.C. at 305, 536 S.E.2d at 421. Moreover, the appellate court must affirm the circuit court's punitive damages finding if any evidence reasonably supports the court's factual findings. *Austin v. Specialty Transp. Servs., Inc.,* 358 S.C. 298, 314, 594 S.E.2d 867, 875 (Ct.App.2004).

Here, the evidence demonstrates the head of maintenance for QHG provided actual, written notice of the existence of the hole in question to the CEO of the hospital on July 1, 1997, almost one year before the accident occurred. QHG took no action to repair the hole after receiving notice of its existence. Moreover, the hospital took no precautions to warn

visitors or patients of the existence of the hole. Therefore, we find the evidence of this written notice is sufficient to submit the issue of QHG's willful, wanton, reckless, or malicious conduct to the jury.

## II. Mistrial Motion

 QHG next argues the circuit court erred in failing to grant its motion for a mistrial. QHG alleges comments made by Mishoe during closing arguments could not be remedied by the circuit court's curative instruction and, therefore, a mistrial was warranted. Specifically, QHG claims any reference to the $2.8 million sales price of the hospital resulted in sufficient prejudice to justify a mistrial. We disagree.

 The granting or denying of a motion for mistrial is within the sound discretion of the trial judge. *Creighton v. Coligny Plaza Ltd. Partnership*, 334 S.C. 96, 118, 512 S.E.2d 510, 521 (Ct.App.1998). Absent an abuse of discretion, the decision of the trial judge will not be overturned on appeal. *Id.* The burden is on the moving party to show not only error, but also the resulting prejudice. *Id.* The granting of a motion for a mistrial is an extreme measure which should be taken only when an incident is so grievous that the prejudicial effect can be removed in no other way. *State v. Beckham*, 334 S.C. 302, 310, 513 S.E.2d 606, 610 (1999).

 When an objection is timely made to improper remarks of counsel during closing arguments, the judge should rule on the objection, give a curative charge to the jury, and instruct offending counsel to desist from improper remarks. *McElveen v. Ferre*, 299 S.C. 377, 381, 385 S.E.2d 39, 41 (Ct.App.1989). In this matter, counsel for Mishoe made the following remarks to the jury on the issue of punitive damages:

What is the reasonable relationship to harm—and there was harm—and the defendant's ability to pay. [sic] I ain't too much worried about that hospital paying. When they left Williamsburg County, they left with 2.8 million dollars worth of our money just when they left.

At that time, counsel for QHG objected, and stated:

QHG: Your Honor, I'd object to any testimony about how much money the hospital sold for, and everybody knows—

The Court: The objection is—

QHG:—the price of the deal

The Court: Yes, sir.

QHG: And I would move for a mistrial.

The Court: Pardon?

QHG: I'd move for a mistrial.

The Court: Ladies and gentlemen, the objection is sustained and you are to disregard the last argument by counsel. And, counsel, you are not to argue that particular issue. The motion is otherwise denied.

After the curative instruction was given, no additional objection was made by QHG.

The circuit court followed the procedure established in *McElveen*. The judge ruled on QHG's objection, offered a curative instruction to the jury, and admonished Mishoe's counsel not to mention the sales price and the fact it was "our money" again. *See McElveen*, 299 S.C. at 381, 385 S.E.2d at 41. The curative instruction adequately corrected the statement and advised the jury to disregard. Moreover, the sales price of the hospital had already been admitted, and the jury heard the amount during the trial. QHG cannot demonstrate evidence of a prejudicial effect warranting a mistrial. *See Creighton*, 334 S.C. at 118, 512 S.E.2d at 521. Therefore, we find the trial judge did not abuse his broad discretion in denying the mistrial motion.

### III. Scope of cross-examination

QHG also argues the trial court erred in limiting the scope of its cross-examination of Mishoe. Specifically, QHG asserts the circuit court erred in prohibiting it from questioning Mishoe on her prior litigation history as it was relevant to her credibility. We disagree.

The admission and rejection of testimony is largely within the trial judge's sound discretion and will not be disturbed on appeal absent a showing that the trial court abused its discretion or its decision was controlled by an error of law. *Ippolito v. Hospitality Mgt. Assocs.*, 352 S.C. 563, 569, 575 S.E.2d 562, 566 (Ct.App.2003).

In this case, QHG argues the medical records of Dr. Hazelwood, a treating physician, are important to prove that Mishoe's medical condition had nothing to do with the fall at the hospital. The trial judge allowed QHG to introduce the majority of the medical records of Dr. Hazelwood. The trial judge allowed into evidence the portion of the records relevant to QHG's argument. The evidence in those records was relevant to the issue of whether Mishoe sought treatment from Dr. Hazelwood for injuries unrelated to the fall at the hospital was admitted. The only sentence the trial judge did not admit was Dr. Mendes "refused to see her again because of her prior experience with litigation." The trial judge allowed QHG to cross-examine Mishoe on her relevant medical history. Therefore, we hold the trial judge did not abuse his discretion in limiting the scope of the cross-examination.

## CONCLUSION

For the aforementioned reasons, the decision of the circuit court and award of punitive damages is hereby

**AFFIRMED.**

BEATTY and SHORT, JJ., concur.