THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Steve Layne and
 Jody Layne, Appellants,
 v.
 Gateway
 Construction Company, Inc., Respondent.
 
 
 

Appeal From Lexington County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2008-UP-304
 Submitted June 1, 2008  Filed June 11,
2008    

AFFIRMED

 
 
 
 Brian Pratt Robinson, of Columbia, for Appellants.
 Claude E. Hardin, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM: In
 this breach of contract action, Steve Layne and Jody Layne (the Laynes) appeal
 the trial courts partial denial of their motion for a new trial nisi remittitur. 
 We affirm.[1]
FACTS
The
 Laynes hired Gateway Construction Company, Inc., to build a new house pursuant
 to a written contract.  After Gateway began construction, the Laynes requested
 that Gateway work outside of the contract and amend the construction schedule so
 the Laynes could obtain a particular interest rate.  The Laynes requested a
 lien release from Gateway as required for the closing.  Gateway issued a
 conditional lien release stating $50,711.00 remained due on the project through
 July 25, 2003.  After the closing, the Laynes failed to pay as set forth
 in the conditional lien release.  Gateway, therefore, ceased construction on
 the project.  The Laynes subsequently brought this action against Gateway for
 breach of contract, breach of contract accompanied by a fraudulent act,
 negligence, breach of warranty, and violation of the South Carolina Unfair
 Trade Practices Act.  Gateway answered and counterclaimed, alleging breach of
 contract. 
At
 trial, Andrew Guliano, Gateways president, testified Gateways damages totaled
 $108,380, including the contract balance of $50,711, $21,073.50 in other
 damages, and $36,595.50 in interest.  Gateway reduced the total by $9,000 in
 retainage fees.  The jury returned a verdict in favor of Gateway in the
 amount of $99,380.  The Laynes moved for a new trial nisi remittitur,
 arguing the jury awarded compound interest and the verdict included a double
 recovery of damages.  The trial court granted the Laynes motion as to the
 issue of compound interest and reduced the damages to $92,933.99.  The Laynes
 again moved to alter or amend the judgment because the trial courts order did
 not address the double recovery of damages issue, and the trial court denied
 the motion.  The Laynes appeal.   
LAW / ANALYSIS
The
 Laynes argue the trial court erred in denying their motion for a new trial nisi remittitur to the extent that the damages included a double recovery. 
 Specifically, the Laynes argue the $21,073.50 Gateway claimed as other
 damages was also included in the contract balance of $50,711.00.  
In a breach of contract action, the measure of damages is the loss actually suffered as the result of
 the breach.  Collins Holding Corp. v. Landrum, 360 S.C. 346, 350, 601
 S.E.2d 332, 333 (2004).  The amount of damages remains largely within the
 discretion of the finder of fact, as reviewed by the trial judge.  Mishoe v.
 QHG of Lake City, Inc., 366 S.C. 195, 201, 621 S.E.2d 363,
 366 (Ct. App. 2005).  A motion for new trial nisi remittitur asks the trial court to reduce the verdict because the verdict is merely excessive.
  See ONeal v. Bowles, 314 S.C. 525, 527, 431 S.E.2d 555,
 556 (1993).  The denial of a motion for a new trial nisi is within the trial courts discretion and
 will not be reversed on appeal absent an abuse of discretion.  Id.  An abuse of discretion occurs when the conclusions of the trial court either
 lack evidentiary support or are controlled by an error of law. State v.
 McDonald, 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000).

Here, evidence
 supports the trial courts partial denial of the Laynes motion for a remittitur. 
 The damages awarded by the jury were within the range of evidence presented at
 trial.  Guliano stated he
 used Gateways general ledger to calculate the total cost and damages
 attributed to the project.   He testified Gateways damages totaled $99,380.  In
 addition, Gateway introduced an exhibit demonstrating that costs, labor, and
 interest totaled $99,380.  
AFFIRMED.
SHORT and
KONDUROS, JJ., and GOOLSBY, A.J., concur.

[1] We decide this
case without oral argument pursuant to Rule 215, SCACR.