**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lehua Figueroa and Nohealani Figueroa, Respondents,

v.

CBI/Columbia Place Mall, LLC, and ERMC II, LLP, Appellants.

Appellate Case No. 2011-186686

―――――――――――

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2012-UP-460
Heard May 24, 2012 – Filed July 25, 2012

―――――――――――

**AFFIRMED**

―――――――――――

Shannon Furr Bobertz and R. Hawthorne Barrett, both of Turner Padget Graham & Laney, PA, of Columbia, for Appellants.

Dietrich Andre' Lake, of Columbia, for Respondents.

―――――――――――

**PER CURIAM:** In this action for false imprisonment and malicious prosecution, Appellants CBI/Columbia Place Mall, LLC, and ERMC II, LLP (collectively, "ERMC") seek review of the jury's verdict for Respondents Lehua Figueroa (Lehua) and Nohealani Figueroa (Nohealani) (collectively, "the Figueroas") on

several grounds, including the existence of probable cause to arrest the Figueroas and alleged juror misconduct. We affirm.

1. As to ERMC's entitlement to a directed verdict or judgment notwithstanding the verdict (JNOV) on the false imprisonment and malicious prosecution claims, viewing the evidence in the light most favorable to the Figueroas, the existence of probable cause was a jury issue. *See Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 436, 629 S.E.2d 642, 649 (2006) (holding that the existence of probable cause to prosecute is ordinarily a jury question but may be decided as a matter of law when the evidence yields but one conclusion); *id.* at 441, 629 S.E.2d at 651 (stating the same principle with regard to probable cause to make an arrest); *Sabb v. S.C. State Univ.*, 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002) (holding that in reviewing the denial of a motion for a directed verdict or JNOV, the court is required to view the evidence and inferences that reasonably can be drawn therefrom in the light most favorable to the non-moving party). Therefore, we affirm the trial court's ruling on this issue.

2. As to alleged juror misconduct, assuming arguendo the juror affidavits were admissible for the trial court's consideration, no evidence establishes any intentional misrepresentation on the part of the jury foreperson. Therefore, the trial court correctly found the affidavits do not reflect juror misconduct. *See Vestry & Church Wardens of Church of Holy Cross v. Orkin Exterminating Co.*, 384 S.C. 441, 447, 682 S.E.2d 489, 492 (2009) ("The trial court has broad discretion in assessing allegations of juror misconduct, and should declare a mistrial only when absolutely necessary."); *State v. Zeigler*, 364 S.C. 94, 108, 610 S.E.2d 859, 866 (Ct. App. 2005) ("The general test for evaluating alleged juror misconduct is whether there in fact was misconduct and, if so, whether any harm resulted to the defendant as a consequence."); *id.* ("Where a defendant seeks a new trial on the basis of juror misconduct, he is required to prove both the alleged misconduct and the resulting prejudice.").

3. As to the admissibility of the audio recording of events related to the arrests, the trial court acted within its discretion in excluding the recording. *See Vaught v. A.O. Hardee & Sons, Inc.*, 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005) ("The admission of evidence is within the sound discretion of the trial judge, and absent a clear abuse of discretion amounting to an error of law, the trial court's ruling will not be disturbed on appeal."); *State v. McLeod*, 362 S.C. 73, 81, 606 S.E.2d 215, 220 (Ct. App. 2004) ("A trial judge's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed *only in exceptional circumstances.*" (emphasis added)); *id.* at 81-82, 606 S.E.2d at 220 ("We review a

trial judge's decision regarding Rule 403[, SCRE] pursuant to the abuse of discretion standard and are obligated to give *great deference* to the trial court's judgment."  (emphasis added)); *Hunter v. Staples*, 335 S.C. 93, 102, 515 S.E.2d 261, 266 (Ct. App. 1999) (holding that the trial court conducted an appropriate balancing analysis pursuant to Rule 403 and the fact that this court may have reached a different result was not sufficient to reverse the trial court's decision); *see also United States v. Long*, 574 F.2d 761, 767 (3rd Cir. 1978) (holding that a trial judge's balancing decision under Rule 403 should not be reversed "simply because an appellate court believes that it would have decided the matter otherwise because of a differing view of the highly subjective factors of (a) the probative value, or (b) the prejudice presented by the evidence"); *id.* ("If judicial self-restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal.").

4. As to whether the trial court erred in submitting the issue of punitive damages to the jury, we affirm pursuant to Rule 220(b), SCACR, and the following authority: *Mishoe v. QHG of Lake City, Inc.*, 366 S.C. 195, 201, 621 S.E.2d 363, 366 (Ct. App. 2005) ("The issue of punitive damages must be submitted to the jury if more than one reasonable inference can be drawn from the evidence as to whether the defendant's behavior was reckless, willful, or wanton.").

5. As to whether the punitive damages award to each plaintiff constituted a violation of ERMC's due process rights, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 568 (1996) ("Only when an award can fairly be categorized as 'grossly excessive' in relation to [a State's legitimate interests in punishment and deterrence] does it enter the zone of arbitrariness that violates the Due Process Clause of the Fourteenth Amendment."); *Mitchell v. Fortis Ins. Co.*, 385 S.C. 570, 587-89, 686 S.E.2d 176, 185-86 (2009) (adopting the *Gore* guideposts for a post-trial review of a punitive damages award).

6. As to the jury charge on spoliation of evidence, it was within the jury's province to either accept ERMC's explanations for the unavailability of a video recording of the incident or to draw a negative inference from ERMC's failure to produce a recording.  *See Stokes v. Spartanburg Reg'l Med. Ctr.*, 368 S.C. 515, 521, 629 S.E.2d 675, 679 (Ct. App. 2006) (holding that although the jury may well have accepted the defendant's explanations for missing medical records, it was also in the jury's province to draw a negative inference from the failure to produce the records); *see also Kershaw Cnty. Bd. of Educ. v. U.S. Gypsum Co.*, 302 S.C. 390, 394-95, 396 S.E.2d 369, 372 (1990) (expressing approval of the trial court's use of

a spoliation charge, even in the absence of evidence of intentional misconduct). Therefore, the trial court properly charged the jury on spoliation of evidence. *See Welch v. Epstein*, 342 S.C. 279, 311, 536 S.E.2d 408, 425 (Ct. App. 2000) ("When reviewing a jury charge for alleged error, an appellate court must consider the charge as a whole in light of the evidence and issues presented at trial.").

7. As to the trial court's ruling on ERMC's motion for a new trial based on the thirteenth juror doctrine, we affirm pursuant to Rule 220(b), SCACR, and the following authority: *Parker v. Evening Post Pub. Co.*, 317 S.C. 236, 247, 452 S.E.2d 640, 646 (Ct. App. 1994) ("[T]o reverse the denial of a new trial motion under [the thirteenth juror] doctrine we must, in essence, conclude that the moving party was entitled to a directed verdict at trial.").

8. As to the trial court's ruling on ERMC's motion for a new trial absolute based on the excessiveness of the punitive damages award to each plaintiff, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Swicegood v. Lott*, 379 S.C. 346, 355, 665 S.E.2d 211, 215-16 (Ct. App. 2008) ("The circuit court should grant a new trial absolute on the excessiveness of the verdict only if the amount is so grossly inadequate or excessive as to shock the conscience of the court and clearly indicates the figure reached was the result of passion, caprice, prejudice, partiality, corruption or some other improper motives."); *id.* at 355-56, 665 S.E.2d at 216 ("The grant or denial of new trial motions rests within the discretion of the circuit court, and its decision will not be disturbed on appeal unless its findings are wholly unsupported by the evidence, or the conclusions reached are controlled by error of law."); *id.* at 356, 665 S.E.2d at 216 ("In deciding whether to assess error to a court's denial of a motion for a new trial, we must consider the testimony and reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party." (citation and quotation marks omitted)).

9. As to whether the trial court should have granted a new trial nisi remittitur based on the excessiveness of the punitive damages awards, we affirm pursuant to Rule 220(b), SCACR, and the following authority: *V.E. Amick & Assocs., LLC v. Palmetto Envtl. Grp., Inc.*, 394 S.C. 538, 549, 716 S.E.2d 295, 300-01 (Ct. App. 2011) ("The denial of a motion for a new trial nisi is within the trial judge's discretion and will not be reversed on appeal absent an abuse of discretion." (citation and quotation marks omitted)).

   **AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**