**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tony Young, Appellant,

v.

Greenwood County Detention Center and the Greenwood County Sheriff's Office, Defendants,

Of Which The Greenwood County Sheriff's Office is Respondent.

Appellate Case No. 2019-000637

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

Unpublished Opinion No. 2022-UP-170
Submitted March 1, 2022 – Filed April 6, 2022

**AFFIRMED**

Joshua Thomas Hawkins and Helena LeeAnn Jedziniak, both of Hawkins & Jedziniak, LLC, of Greenville, and Kyle Jason White, of White, Davis & White Law Firm, PA, of Anderson, for Appellant.

Russell W. Harter, Jr., of Chapman, Harter & Harter, P.A., of Greenville, for Respondent.

**PER CURIAM:**  This case involves alleged violations of the Greenwood County Sheriff's Office's policies and procedures in its medical screening of Tony Young during his booking at the Greenwood County Detention Center.  Young appeals a verdict finding the Detention Center and the Sheriff's Office (Respondents) were not grossly negligent, arguing (1) he was deprived of his constitutional right to a fair trial; (2) the trial court erred in denying his motion for a new trial absolute; (3) the trial court erred in denying his motion for new trial under the thirteenth juror doctrine; (4) the trial court erred in allowing the jury to hear his ex-wife's deposition testimony; and (5) the trial court erred in instructing the jury on comparative negligence.  We affirm.

1.      Young argues he was deprived of his constitutional right to a fair trial for several reasons.  We disagree.  First, we find Young waived any objection to the admissibility of his conviction for felony DUI because he stipulated that he pled guilty to felony DUI and he also testified he was convicted of felony DUI as a result of this accident.  *See Kirkland v. Allcraft Steel Co.*, 329 S.C. 389, 392, 496 S.E.2d 624, 626 (1998) (defining a stipulation as "an agreement, admission[,] or concession made in judicial proceedings by the parties thereto or their attorneys" that are binding upon those who make them); *Holroyd v. Requa*, 361 S.C. 43, 59-60, 603 S.E.2d 417, 425-26 (Ct. App. 2004) (finding the evidence that Requa complained about in the appeal was also elicited from his own testimony without objection; thus, failure to object to the introduction of evidence at the time the evidence was offered constituted a waiver of the right to have the issue considered on appeal); *Grain Dealers Mut. Ins. Co. v. Julian*, 247 S.C. 89, 95, 145 S.E.2d 685, 687-88 (1965) (holding that where a witness who had testified was cross-examined without reserving the objection previously made, "exception to the testimony is thereby rendered untenable, and the right to challenge the ruling thereabout . . . was thereby waived"); *Gary v. Jordan*, 236 S.C. 144, 157, 113 S.E.2d 730, 737 (1960) (finding the right to challenge a ruling was waived when on re-direct examination the defendant was questioned and testified on the same subject, without reservation).  Second, we find the court properly excluded the proffered testimony about a complaint as being irrelevant because Young presented no substantiated evidence that other detainees had their neck brace, similar medical equipment, or medicine kept from them by Respondents.  *See* Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues,

or misleading the jury . . . ."); *cf. Whaley v. CSX Transp., Inc.*, 362 S.C. 456, 483, 609 S.E.2d 286, 300 (2005) ("Because evidence of other accidents may be highly prejudicial, '[a] plaintiff must present a factual foundation for the court to determine that the other accidents were substantially similar to the accident at issue.'" (quoting *Buckman v. Bombardier Corp.*, 893 F.Supp. 547, 552 (E.D.N.C. 1995))); *Brewer v. Morris*, 269 S.C. 607, 611, 239 S.E.2d 318, 319-20 (1977) (finding the testimony of two witnesses was properly excluded when they attempted to testify from their personal experience as to the effects of a chemical on the finish of an automobile; however, "a proper foundation was lacking in that it had not been established that the automobiles they were familiar with had been sprayed with the chemical in question"). Third, because Young presented evidence that a doctor was not called after he arrived at the Detention Center, Young presented evidence that he requested the video and it was not available, and Young testified law enforcement picked him up from the hospital and took him to the Detention Center, we find the court's comments in line with this same testimony did not deprive Young of his right to a fair trial. *See State v. Reyes*, 432 S.C. 394, 403, 853 S.E.2d 334, 339 (2020) ("A common function of the trial court is to make rulings on evidence, and typically there is no error where the trial judge does so in a neutral manner in the jury's presence."). And, fourth, we find the court was within its discretion to sustain Respondents' objection to Young's closing statement if it deemed it improper. *See Howle v. PYA/Monarch, Inc.*, 288 S.C. 586, 599, 344 S.E.2d 157, 164 (Ct. App. 1986) ("It has long been settled that closing arguments and objections thereto are left largely to the sound discretion of the trial judge 'who is on the scene and in much better position than an appellate court to judge as to what is improper argument under the circumstances.'" (quoting *Lesley v. Am. Sec. Ins. Co.*, 261 S.C. 178, 185, 199 S.E.2d 82, 86 (1973))). Further, although the court sustained Respondents' objection, the jury still heard Young's closing statement and the court did not give a curative instruction to the jury; therefore, we find the court's ruling did not deprive Young of his right to a fair trial. *See McElveen v. Ferre*, 299 S.C. 377, 381, 385 S.E.2d 39, 41 (Ct. App. 1989) ("When objection is timely made to improper remarks of counsel, the judge should rule on the objection, give a curative charge to the jury, and instruct offending counsel to desist from improper remarks."); *McKissick v. J.F. Cleckley & Co.*, 325 S.C. 327, 350, 479 S.E.2d 67, 78 (Ct. App. 1996) ("An appellant seeking reversal must show error and prejudice.").

2.      Young argues the trial court erred in denying his motion for a new trial absolute and JNOV. Viewing the testimony and reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party, we find Young and Respondents presented conflicting evidence on the issue of gross negligence; thus,

the trial court's decision to deny Young a new trial absolute or JNOV was supported by the evidence. *See Vinson v. Hartley*, 324 S.C. 389, 405, 477 S.E.2d 715, 723 (Ct. App. 1996) ("In deciding whether to assess error to a court's denial of a motion for a new trial, we must consider the testimony and reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party."); *id.* ("The grant or denial of new trial motions rests within the discretion of the trial judge and his decision will not be disturbed on appeal unless his findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law."); *Welch v. Epstein*, 342 S.C. 279, 299, 536 S.E.2d 408, 418 (Ct. App. 2000) (stating in reviewing the trial court's denial of a motion for a directed verdict or JNOV, "this [c]ourt must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party"); *id.* at 300, 536 S.E.2d at 418 (holding this court will reverse only when there is no evidence to support the ruling below).

3.  Young argues the trial court erred in denying his motion for a new trial under the thirteenth juror doctrine. Our review of the record shows the trial court's ruling is not wholly unsupported by the evidence because evidence was presented that Respondents were not grossly negligent; thus, we find the verdict was not inconsistent with the evidence presented. *See Folkens v. Hunt*, 300 S.C. 251, 254-55, 387 S.E.2d 265, 267 (1990) ("A trial judge's order granting or denying a new trial upon the facts will not be disturbed unless his decision is wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law."). Therefore, we find the trial court did not err in denying Young's motion.

4.  Young argues the trial court erred in allowing the jury to hear the deposition testimony of his ex-wife, Deborah Knowles. We decline to address this issue for failure to cite any authority. *See* Rule 208(b)(1)(E), SCACR (requiring citation to authority in the argument section of an appellant's brief); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting when a party fails to provide arguments or supporting authority for his assertion, the party is deemed to have abandoned the issue on appeal); *State v. Lindsey*, 394 S.C. 354, 363, 714 S.E.2d 554, 558 (Ct. App. 2011) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority.").

5.  Young argues the trial court erred in instructing the jury on comparative negligence. Because the jury found Respondents were not grossly negligent, they did not consider comparative negligence. Thus, we find the jury charge did not prejudice Young. *See Cole v. Raut*, 378 S.C. 398, 405, 663 S.E.2d 30, 33 (2008)

("An erroneous jury instruction . . . is not grounds for reversal unless the appellant can show prejudice from the erroneous instruction.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.